{¶ 65} I concur in the majority's analysis and disposition of appellant's first assignment of error except for its reference, and thereby implicit application of, the abuse of discretion standard of review in reviewing this assignment. (Maj. Op. at para. 41).
 {¶ 66} I concur in the majority's disposition of appellant's second assignment of error, but disagree with its stated reason for doing so. I find appellant's abuse of process claim is independent of our determination CCW's non-disclosure violations under E.R.I.S.A. do not constitute a recognized public policy meriting exception to the employment-at-will doctrine. Rather, I concur because I find no evidence Cope knew of appellant's complaints concerning the 401(K) plan or letters to the Department of Labor before he initiated the arrest of appellant. Cope testified he did not.
 {¶ 67} Appellant claims Cope's testimony is "demonstrably false" since Hogan testified Cope was made aware of the situation prior to appellant's termination. (Appellant's Reply Brief at p. 7). Upon my review of Hogan's referenced deposition, I find it fails to establish when Hogan knew of appellant's requests/complaints; let alone establish whether Cope knew of them prior to Cope's calling the police.[1]
 {¶ 68} I further concur in the majority's disposition of appellant's third assignment of error. However, I do so not because I fail to find sufficient evidence of outrageous conduct, but rather because appellant failed to offer evidence of serious emotional distress.[2]
HON. WILLIAM B. HOFFMAN
[1] Choffin's knowledge is relevant to appellant's public policy claim, but not the abuse of process claim.
[2] Appellant's affidavit stating family members and friends were available to testify as to appellant's emotional trauma at trial is not a substitute for the necessity of presenting such evidence in response to appellee's summary judgment motion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.